UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANE M. THEISEN,

        Plaintiff,

v.

BRENDA RAYMOND,

        Defendant.

_____/

Case No. 1:23-cv-616

Hon. Hala Y. Jarbou

### REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Dane M. Theisen against defendant Brenda Redmond "in her official capacity as an attorney at the United States Department of Education ["ED"] Office for Civil Rights". Compl. (ECF No. 1-1. PagID.5-6).

Plaintiff filed a one-page complaint (PageID.9) with a lengthy and at times incoherent attachment (PageID.10- 59) in Michigan's Berrien County Circuit Court. Defendant removed the lawsuit to federal court. *See* Notice of Removal (ECF No. 1). This matter is now before the Court on defendant's combined motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to 12(b)(6) (ECF No. 11).[1]

**I.    Background**

Defendant fairly summarized plaintiff's claims as follows:

> Mr. Theisen alleges in his complaint that he has an outstanding borrower defense application. (Compl., PageID.9.) Borrower defense to repayment (BDR) is available to "federal student loan borrowers who can show that they enrolled in or continued to attend a school 'based on misleading information from the school'" or

---

[1] Plaintiff filed an untimely response (ECF Nos. 15 and 16). The Court notes that defendant did not file a motion to strike the response and referred to the response in her reply.

> other covered misconduct under 34 C.F.R. §§ 685.400-499 and who "suffered a detriment that is of a nature and degree warranting a full discharge of their applicable federal loans." [citation omitted].
>
> Mr. Theisen's Borrower Defense Application, according to the complaint, accuses the "University of Toledo of advertising and recruiting fraud using **PORNO** for advertising purposes, Title IX civil rights violation, failing to help Plaintiff find a job after graduation, as well as engaging in student data theft with a Wallstreet money making scheme which violated his civil rights to privacy." (Compl., PageID.9.) (Emphasis in original.) Mr. Theisen claims that he "wanted nothing more than an education in marketing but got a 17 year education in law and finance instead[,]" and he "was nothing more than a piece of meat and a number on a excel spread sheet as shown herein despite a fiduciary duty from [D]efendant." (*Id*.) The complaint continues to allege that "Defendant has damaged [P]laintiff's credit report" as well as "father and sons credit using a fraudulent repayment scheme." (*Id*.) Mr. Theisen seeks immediate public review of his Borrower Defense Application. (*Id*.) He further states that he "has waited 5 yrs [sic] for a proper review of his Borrower Defense Application." (*Id*.) Mr. Theisen requests a jury trial "to decide what the new normal is and to infrom [sic] the public about this data theft injustice so they can prusue [sic] group claims."
>
> The complaint asserts additional allegations including that the University of Toledo has a track record of "fraud and theft." (*Id*.) Plaintiff further claims that there is "[s]ex abuse, data theft and fraud" in education, and it appears that he is directing this claim primarily at the University of Toledo. (*Id*. at PageID.9, 12.)

Defendant's Memorandum (ECF No. 12, PageID.74-75).

## II. Discussion

### A. Lack of subject matter jurisdiction

Defendant contends that plaintiff's lawsuit should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because it is not ripe for review. "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited." *Gonzalez v.*

2

*Thaler*, 565 U.S. 134, 141 (2012). "[W]hen subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss." *Giesse v. Secretary of Department of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008).

A motion under Fed. R. Civ. P. 12(b)(1) may be brought either as a facial attack or a factual attack. *Gentek Building Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6th Cir. 2007).

> A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. If those allegations establish federal claims, jurisdiction exists.

*Id*. (internal citation omitted). "Where, on the other hand, there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations." *Id*. "When a factual attack . . . raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id*. *See, e.g., Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 916 (6th Cir. 1986) (the court can consider affidavits to resolve factual disputes regarding jurisdiction).

Finally, because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

### B. Plaintiff's claim is not ripe for judicial review

Here, defendant appears to have filed a hybrid motion, relying on plaintiff's failure to allege that this Court has subject matter jurisdiction over his complaint, as well as public records

and a declaration from an ED official. The gist of defendant's claim is that plaintiff's lawsuit is not ripe for review because the ED has not made a final decision on his Borrower Defense Application [BDA].

> Article III of the Constitution limits federal courts' jurisdiction to certain Cases and Controversies. As we have explained, no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.

*Clapper v. Amnesty International USA*, 568 U.S. 398, 408 (2013) (internal quotations and brackets omitted). "The case or controversy requirement has engendered numerous justiciability doctrines that further define the limits of federal jurisdiction, including the ripeness doctrine." *Genesis Brand Seed, Ltd. v. Limagrain Cereal Seeds, LLC*, 944 F. Supp. 2d 564, 568 (W.D. Mich. 2013), citing *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580 (1985).

> "The basic rationale of the ripeness doctrine is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas*, 473 U.S. at 580 (internal quotations omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). The ripeness doctrine "focuses on the timing of the action." *Dealer Computer Services, Inc. v. Dub Herring Ford*, 547 F.3d 558, 560 (6th Cir. 2008) (internal quotation omitted). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Id*. (internal quotation omitted). Enforcing ripeness requirements discourages premature adjudication of legal questions, judicial entanglement in abstract controversies, and "serves as a bar to judicial review whenever a court determines a claim is filed prematurely." *Id*. at 561 (internal quotation omitted).

> The key factors to consider when assessing the ripeness of a dispute are: (1) the likelihood that the harm alleged by the party will ever come to pass; (2) the hardship to the parties if judicial relief is denied at this stage in the proceedings;

and (3) whether the factual record is sufficiently developed to produce a fair adjudication of the merits.

*Id*. "The Sixth Circuit has paid 'particular attention' to the first factor." *Genesis Brand Seed, Ltd.*, 944 F. Supp. 2d at 568, citing *United Steelworkers of America, Local 2116 v. Cyclops Corp.*, 860 F.2d 189, 194 (6th Cir. 1988).

Here, the first factor is determinative. Plaintiff's claim may never come to pass because the ED has not yet decided whether to grant or deny plaintiff's BDA. Specifically, plaintiff alleged that he has "an outstanding borrower defense (BDR) application[.]" Compl. at PageID.9. *See Negash v. DeVry University*, No. 17-10256, 2018 WL 1570625 at *7 (E.D. Mich. March 30, 2018) (a Borrower Defense to Loan Repayment claim is not ripe for judicial review where the defense has been filed with the ED, but the agency has not yet made a final determination on the future of the loan at issue).

Defendant points out that although plaintiff alleged that the ED rejected his BDA in 2019 (PageID.10), the application is again pending review due to the *Sweet v. Cardona* class action litigation which resulted in a settlement agreement (PageID.9). *See Sweet v. Cardona*, 657 F. Supp. 3d 1260, 1269-1270 (N.D. Cal. 2023) (concluding that "the Effective Date of the settlement agreement is January 28, 2023").[2] Plaintiff acknowledged that he is part of the class

---

[2] In support of her motion, defendant submitted the Declaration of John Stephenson (Assistant Director with the Borrower Defense Group within the Federal Student Aid in the ED (ECF No. 12-1) and a copy of the settlement agreement in *Sweet* (ECF No. 12-2). Defendant summarized Mr. Stephenson's explanation of the decision in *Sweet*:

"*Sweet* is a class action lawsuit that was filed by a number of borrower defense applicants in June 2019 in the Northern District of California against the ED alleging that the ED had unlawfully delayed issuing decisions on borrower defense applications. (*Id*. at ¶ 4.) In May 2021, the Sweet plaintiffs filed a supplemental complaint to add a claim asserting that denial decisions (such as the one Mr. Theisen received) that the ED issued after October 30, 2019, were unlawful. (*Id*. at ¶ 5.) The *Sweet* litigation was settled pursuant to a settlement agreement that was granted final approval by the court on November 16, 2022. (*Id*. at ¶ 7, Attachment A, Settlement Agreement); *Sweet v. Cardona*, F.3d , 2022 WL 16966513 (N.D. Cal. 2022).

Because Mr. Theisen's BDR application was denied between October 30, 2019, and June 22, 2022 (the date the settlement agreement in *Sweet* was executed), he is a *Sweet* class member subject to the terms of the Settlement Agreement. (Stephenson Decl. ¶ 8; Settlement Agreement at §III.B.) As such, Mr. Theisen's denial has been rescinded

action.  *See* PageID.10. (stating that "[a] recent class action and supreme court case ruled in Plaintiffs [sic] favor" and that "[t]he Department of Education must review plaintiffs' [sic] borrower defense complaints again.").  Plaintiff also acknowledged that the Settlement Agreement provides that his application must be decided within one year of the effective date of the Agreement. *See* PageID.9 ("According to the settlement application between January 1, 2018 and December 31, 2018, the Department will issue a decision no later than 12 months after the court's approval of the settlement agreement becomes final.").  *See Sweet*, 657 F. Supp. 3d at 1269-1270; Settlement Agreement at §§ IV.C.3, IV.C.3(ii) ("For any application submitted between January 1, 2018 and December 31, 2018, Defendants will issue a decision no later than 12 months after the Effective Date") (PageID.95); Stephenson Decl. at ¶ 12, PageID.85 ("[The Borrower Defense Group (BDG) within the Federal Student Aid (FSA) in the ED] has confirmed that that Plaintiff is a *Sweet* class member whose denial has been rescinded; who did not attend an automatic discharge school; that his application will be decided according to the streamlined process described in the *Sweet* Settlement Agreement; and that because Plaintiff filed his application on November 29, 2018, his application will be decided no later than January 28, 2024, pursuant to the deadline established in Section §IV.C.3(ii) of the Settlement Agreement.").

        In summary, no decision has been made on plaintiff's BDA.  The ED is obligated under the terms of the Settlement Agreement to notify plaintiff of its decision on his application on or before January 28, 2024, and until then, his claim for relief regarding the BDA is not ripe for judicial review.  For this reason alone, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

---

and is considered to have been pending since the original date of submission. (Stephenson Decl. ¶ 9; Settlement Agreement at §§ IV.B.1, IV.B.2)."

Defendant's Memorandum at PageID.78.

6

### C. Waiver of sovereign immunity

Furthermore, defendant points out that even if plaintiff's claim was ripe for review, his complaint is subject to dismissal because it fails to identify a waiver of sovereign immunity. "The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). "Such a waiver of sovereign immunity must be clear, express, and unambiguous." *Id*. (internal quotation marks omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). The terms under which the federal government has given consent to be sued a court "define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane*, 518 U.S. at 192.

Here, plaintiff failed to identify a waiver of sovereign immunity for his claims against defendant. As discussed, plaintiff has alleged that he has a BDA pending with ED and has made vague claims of "data theft / neglect / misrepresentation / dishonesty / fraud" directed at the University of Toledo. *See* PageID.9-12. However, plaintiff has failed to identify a statute in which defendant has waived sovereign immunity for the claims asserted in this lawsuit. *See Lane*, 518 U.S. at 192; *Sherwood*, 312 U.S. at 586; *Beamon*, 125 F.3d at 967. Accordingly, plaintiff's complaint should be dismissed on this basis as well.

### III. Failure to state a claim

Defendant's combined motion includes a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A complaint

7

may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Defendant's motion should be dismissed for two reasons. First, defendant has filed a short and conclusory two-paragraph argument to support a motion to dismiss which is inadequate to address the relief sought. Defendant's Motion at PageID.81-82. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). Second, by making a factual attack on subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), defendant has introduced facts into her supporting brief which the Court has considered in addressing the motion brought pursuant to Fed. R. Civ. P. 12(b)(1). Addressing defendant's Fed. R. Civ. P. 12(b)(6) motion at this point would trigger the consideration of whether that motion to dismiss should be treated as a motion for summary judgment. *See* Fed. R. Civ. P.

8

12(d).³ Accordingly, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be denied without prejudice.

## IV.     RECOMMENDATION

Accordingly, I respectfully recommend that defendant's motion to dismiss (ECF No. 11) be **GRANTED** and that this action be **DISMISSED** for lack of subject matter jurisdiction.

Dated:  December 18, 2023                                /s/ Ray Kent
                                                         RAY KENT
                                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

³ Fed. R. Civ. P. 12(d) provides as follows:

> **Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

9